■ In the Matter of KINGDON GOULD, JR., et al., Appellants, v ROBERT KERWICK et al., Respondents. (And Four Other Related Proceedings.) In the Matter of BALSAM LAKE ANGLERS, Appellant, v ASSESSOR OF THE TOWN OF HARDENBURGH et al., Respondents. (And Another Related Proceeding.) — Appeals from an order of the Supreme Court at Trial Term (Bradley, J.), entered March 15, 1983 in Ulster County, which granted respondents' motion for leave to serve denials pursuant to section 716 of the Real Property Tax Law in each proceeding within 15 days of the date of said order. ¶ In these proceedings to review the assessments of certain real property in the Town of Hardenburgh, Ulster County, petitioners served upon respondents on December 1, 1982 demands for admission of the percentage of full value at which other real property is assessed (Real Property Tax Law, § 716). Respondents thereafter failed to file and serve denials within the specified 15 days but, alternatively, moved by order to show cause (see Real Property Tax Law, § 716), dated February 18, 1983, for leave to serve said denials in each proceeding. Trial Term granted respondents' motion without written decision and directed that the denials be served within 15 days of the date of the order. Respondents thereafter served the denials pursuant to said order. These appeals by petitioners ensued. ¶ Petitioners argue that Trial Term was without authority to grant the relief herein unless the motion was made prior to the expiration of the 15 days specified for service and filing of a denial notice in section 716 of the Real Property Tax Law. We disagree. The plain words of the statutory provision in question must be given effect. The relevant portion of the statute reads: "Unless the respondent within fifteen days after service of such demand, *or within such further time as the court may allow on motion on notice,* serves and files a notice specifically denying that the percentage specified in such demand is correct, such percentage shall be deemed admitted" (Real Property Tax Law, § 716, subd 1; emphasis added). This language clearly gives a court discretion to grant respondents an extension of time to serve and file denials in assessment review proceedings. On this record, we find no abuse of that discretion. The order entered at Trial Term should be affirmed. ¶ Order affirmed, with one bill of costs. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.